NOT FOR PUBLICATION                                            CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MARRON, JEFFREY GOLDWASSER, AARON REEVES, and ANTHONY HOBBY, On behalf of themselves and others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>SNAP-ON TOOLS COMPANY, LLC AND SNAP-ON CREDIT LLC,<br><br>Defendants. | Civil Case No. 03-4563 (FSH)<br><br>**OPINION & ORDER**<br><br>Date: September 29, 2004 |

**HOCHBERG, District Judge**

This Matter comes before the Court upon a Motion to Dismiss as to Defendant Snap-on Credit for insufficiency of process and/or of service of process. This Court has considered the parties' written submissions pursuant to Fed. R. Civ. P. 78.

**FACTUAL and PROCEDURAL BACKGROUND**

On September 25, 2003, Plaintiff Michael Marron, et al. ("Marron") filed a class action Complaint against Defendants Snap-on Tools Company LLC ("Snap-on Tools") and Snap-on Credit LLC ("Snap-on Credit") seeking to recover from a fraudulent business scheme. Marron alleged RICO violations, Fair Labor Standards Act violations, violations of the New Jersey Franchise Practice Act, violations of the New Jersey Consumer Fraud Act, common law fraud, negligent misrepresentations, breach of contract and breach of fiduciary duty.

On December 3 and 29, 2003, Snap-on Credit's attorney sent letters to Marron's counsel advising that it had not been served the Summons and Complaint as required by Fed. R.

Civ. P. 4(m), and agreeing to accept service on behalf of Snap-on Credit. Without serving the original Complaint on Snap-on Credit, Marron filed an Amended Complaint on March 8, 2004 and service of process for this Amended Complaint was effected on May 18, 2004.[1]

On July 6, 2004, Defendant Snap-on Credit filed this Motion to Dismiss the Complaint as to Snap-on Credit for failure of process in violation of Fed. R. Civ. P. 4(m).

## ANALYSIS

Rule 4(m) provides that a Complaint must be served upon a defendant within 120 days of filing or the court "shall" by motion or *sua sponte* after notice to the plaintiff, "dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time[.]" Fed. R. Civ. P. 4(m). Rule 4(m) requires a court to extend time for service if good cause is shown. *McCurdy v. Amer. Bd. Of Plastic Surgery*, 157 F.3d 191, 195 (3d Cir. 1998); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). The court's primary focus in determining whether good cause exists "is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1096 (3d Cir. 1995). Further, a finding of good faith requires a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance with Rule 4(m). *Veal v. United States*, CV. No. 03-116, 2004 U.S. App. LEXIS 278 (3d Cir. Jan. 9, 2004); *MCI Telecomm.*, 71 F.3d at 1096.

If, however, good cause, does not exist, the court may in its discretion decide to dismiss the case without prejudice or extend time for service. *Petrucelli*, 46 F.3d at 1305. When

---

[1] Defendants argue that Snap-on Credit has not been served with a summons for either the Complaint or the Amended Complaint, and, therefore, even the service of the Amended Complaint is improper.

considering whether to exercise its discretion, the court must consider whether any other factors warrant extending time even though good cause was not shown. *Veal*, 2004 U.S. App. LEXIS 278 at *5-6; *Petrucelli*, 46 F.3d at 1305.  The Advisory Committee note on Rule 4(m) lists some factors that the district court may consider, including: "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed. R. Civ. P. 4(m) advisory committee's note (1993); *see also Petrucelli*, 46 F.3d at 1305-06.

   Finally, when determining whether to exercise its discretion and extend the 120 day service deadline, a court may consider possible prejudice to the defendant.  However, if a defendant had actual notice that an action was filed, a court likely will not find the existence of prejudice.  *Boley v. Kaymark*, 123 F.3d at 759.  However, the absence of prejudice alone can never constitute good cause to excuse late service.  *MCI Telecomm.*, 71 F.3d at 1097.

   Marron did not file a motion for an extension of time to effect proper service, nor did it put forth even a single reason for its failure to properly serve the original Complaint on Snap-on Credit.  The Amended Complaint was served on May 18, 2004, far more than the required 120 days from the filing of the original Complaint on September 25, 2003.  Marron's four page brief does not even acknowledge Snap-on Credit's claim that the original Complaint was never served.  Marron did not provide a single explanation for the 8 month delay in service of process, or for its failure to serve even after Snap-on Credit's attorney sent a letter stating that it had not been served.  While Snap-on Credit did have actual notice of the suit by December 3,

2003, as evidenced by its attorney's letter to Marron's counsel, this notice alone is not sufficient for a showing of good cause.[2]  *MCI Telecomm.*, 71 F.3d at 1097.

While the Court may exercise discretion to grant an extension of time without a showing of good cause, no basis has been advanced as to why the Court should exercise discretion in this way.  There has been no showing that the statute of limitations had run on Marron's claim.  Snap-on Credit did not evade service, but rather, in its December 3 and 29, 2003 letters, volunteered to accept service of process.  Finally, Marron has not suggested a single other reason to support an exercise of discretion to excuse the delay in service, nor has it requested an extension of time.  Thus, the Court finds that there are no factors proposed upon which an intelligent exercise of discretion can be premised.

## CONCLUSION and ORDER

Defendant Snap-on Credits' Motion to Dismiss as to Snap-on Credit is granted without prejudice.  This is the last remaining piece of the Court-stayed proceeding in this matter because all other aspects of this case were sent to arbitration some time ago pursuant to the terms of the contract between the parties.  Nothing in this Opinion shall preclude the parties herein from seeking to join the arbitrated dispute pending between Marron and Snap-on Tools, if permitted by the contractual agreements and approved by the arbitrator.  Had service been timely effected, this Court would have invited all parties to be heard on all such issues in conjunction with the motion to compel arbitration, granted in part on July 1, 2004.

---

[2] Snap-on Credit motioned for the dismissal to be with prejudice under Fed. R. Civ. P. 41(b), but the Court finds there to be no grounds for issuing the extreme sanction of dismissing with prejudice in light of the fact that (1) Marron served the Amended Complaint on May 18, 2004; and (2) Snap-on Credit had actual notice of the Complaint since December 3, 2003.  *See Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-78; *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 866 (3d Cir. 1984).

Accordingly, **IT IS**, on this 29th day September, 2004,

**ORDERED** that the Defendants' Motion to Dismiss as to Snap-on Credit, LLC without prejudice is **GRANTED.**

/s/ Faith S. Hochberg

Hon. Faith S. Hochberg, U.S.D.J.