NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL MARRON, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. Docket No.  03-4563 (FSH) |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| SNAP-ON TOOLS, CO., LLC, et. al. | ) | |
| | ) | |
| Defendants. | ) | Date: January 9, 2006 |
| | ) | |

**Introduction**

This matter comes before the Court upon Defendants' Motions to Vacate the arbitrators' preliminary clause construction awards in Snap-On Tools Company, LLC, et. al. v. Fortuna, Civ. No. 05-4467 ("Fortuna Action"), and in Hobby v. Snap-On Tools Company, LLC, et. al., Civ. No. 05-3067 ("Hobby Action").[1]  This Court has considered the submissions of the parties pursuant to Fed. R. Civ. P. 78.

**Factual and Procedural Background**

Snap-on Tools Company, LLC ("Snap-On") is a developer, manufacturer and marketer of tools and related equipment.  Snap-On sells it products, in part, through franchises.  Plaintiffs in this consolidated case are franchisees of Snap-On.  As part of their franchise agreements, Plaintiffs agreed to submit all claims against Snap-On to arbitration.  Beginning in 2003, Plaintiffs brought suit against Snap-On, alleging a fraudulent, deceptive and illegal business scheme by which Snap-On inflated sales and profits by exploiting its franchisee dealers.  Snap-On moved to compel arbitration

---

[1] This Court's Order of November 2, 2005, consolidated the Fortuna Action and the Hobby Action into the above-captioned case.  This consolidation does not apply to the ongoing arbitrations in these cases.

and this Court granted the motion, subject to certain limitations and powers granted to the arbitrators. See July 1, 2004 Opinion and Order. In particular, this Court authorized the arbitrators to determine, based on the Plaintiffs' showing, whether the clause in the parties' franchise agreement precluding class-action or joinder in arbitration should be enforced.

Defendants now move the Court to vacate Arbitrator Matthews' and Arbitrator Slaters' decisions (in the Hobby and Fortuna Actions respectively) to allow Plaintiffs to pursue class treatment of their claims against Snap-On in arbitration.[2] They argue that both arbitrators exceeded their authority by ruling on the issue of whether the franchise agreements' arbitration clauses prohibit class actions. Snap-On Tools Company, LLC, et. al. v. Fortuna, Civ. No. 05-4467, Def.'s Br. at 11; Hobby v. Snap-On Tools Company, LLC, et. al., Civ. No. 05-3067, Def.'s Br. at 21. On November 2, 2005, this Court ordered the parties to show cause why the Court should hear the interlocutory appeals of the arbitrators' rulings. Plaintiffs argue that this Court should not hear Snap-On's interlocutory appeals to vacate because the arbitrators' awards are not final and thus not subject to this Court's jurisdiction.

**Legal Standards**

Plaintiffs and Snap-On have agreed that their rights and duties to resolve, by arbitration, any disputes arising out of their Franchise Agreements are to be "governed *exclusively* by the Federal Arbitration Act, as amended, and [that] arbitration shall take place according to the commercial arbitration rules of the American Arbitration Association in effect as of the date the demand for arbitration is filed." See Snap-On Standard Franchise Agreement, Section 25(a).

---

[2] Plaintiffs also filed a Motion to Affirm Arbitrator Matthews' award in the Hobby Action but subsequently withdrew that motion on the grounds that it is not required by Rule 3 of the American Arbitration Association's Supplementary Rules for Class Arbitrations and further that it is prohibited by Section 10 of the Federal Arbitration Act ("FAA").

Section 10 of the Federal Arbitration Act ("FAA") states that a District Court may make an order vacating an arbitrator's award, upon the application of one of the parties, where, among other circumstances, "the arbitrator exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."   9 U.S.C. § 10(a)(4). Federal courts commonly understand this provision of the FAA to allow review of final arbitration awards but not of interim or partial rulings.  See Nolu Plastics, Inc. v. Valu Eng'g, Inc., No. Civ. A. 04-4325, 2004 WL 2314512 (E.D. Pa. Oct. 12, 2004) (recognizing that a district court does not have the power to review an interlocutory ruling by an arbitrator) (citing Travelers Ins. Co. v. Davis, 490 F.2d 536, 541-42 & n. 12 (3d Cir. 1974)); see also IDS Life Ins. Co. v. Royal Alliance Assoc., Inc., 266 F.3d 645, 650 (7th Cir. 2001) ("We take 'mutual' and 'final' to mean that the arbitrators must have resolved the entire dispute (to the extent arbitrable) that had been submitted to them."); Michaels v. Mariforum Shipping, SA, 624 F.2d 411, 414 (2d Cir. 1980) (holding that section 10(a)(4) "has no application to an interim award that the arbitrators did not intend to be their final determination on the issues submitted to them").[3]

This finality rule advances the policy of promoting arbitration as an expeditious alternative to traditional litigation, see Hart Surgical, Inc. v. Ultracision, Inc., 244 F.3d 231, 233 (1st Cir. 2001), and adheres to the Third Circuit's admonition that courts "exercise the utmost restraint and . . . tread gingerly before intruding upon the arbitral process."  John Hancock Mut. Life Ins. Co. v. Olick, 151

---

[3] Defendants have also challenged the impartiality of Arbitrator Matthews in their Motion to Vacate his award.  Hobby v. Snap-On Tools Company, LLC, et. al., Civ. No. 05-3067, Def.'s Br. at 4.  This objection also shall await the arbitrator's final award.  See Vera v. First USA Bank N.A., No. 00-89-GMS, 2001 U.S. Dist. LEXIS 9052 at *4 (D. Del. Apr. 19, 2001) (citing Insurance Co. of N. Am. v. Pennant Ins. Co., No. 97-MC-154, 1998 U.S. Dist. LEXIS 2466 at *5 (E.D. Pa. Feb. 18, 1998) ("such a determination could have the disadvantage of enmeshing district courts in endless peripheral litigation and ultimately vitiate the very purpose for which arbitration was created")).

F.3d 132, 136-37 (3d Cir. 1998) (quoting Lewis v. Am. Fed'n of State, County and Mun. Employees, 407 F.2d 1185, 1191 (3d Cir. 1969)). Although some circuits have recognized exceptions to this finality rule, those exceptions only apply when an arbitral award "finally and definitely disposes of a separate independent claim," Metallgesellschaff A.G. v. M/V Capitan Constante, 790 F.2d 280, 283 (2d Cir. 1986), or where the parties agree to bifurcate the issues submitted to arbitration, so that an award of liability is considered "final" even though damages have not been determined. Hart Surgical, 244 F.3d at 236 (holding that district court could review partial award of liability but limiting holding to cases where there is a "formal, agreed-to bifurcation at the arbitration stage").

Rule 3 of the American Arbitration Association's ("AAA") Supplementary Rules for Class Arbitrations ("Rule 3") provides that:

> Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award.

Although Rule 3 permits the parties in an arbitration to seek judicial review of a non-final award, it does not affect the district court's decision whether to entertain an interlocutory appeal under Section 10 of the FAA.

**Discussion**

The arbitrators' awards in these actions are limited in scope and preliminary in nature. The awards only address the question of whether the standard Snap-On franchise agreement precludes class treatment of claims that may otherwise be appropriate for class treatment. In finding that the

agreement does not preclude such claims, Arbitrator Matthews was clear that he made "no determination as to whether the claims are in fact proper for class treatment at this stage of the proceedings." In the Matter of Arbitration Between Hobby and Snap-On Tools Co., LLC, June 8, 2005 (Matthews, Arb.)  Similarly, Arbitrator Slater limited his award to construction of the arbitration provision contained in the franchise agreement between Richard Fortuna and Snap-On and as to whether or not the provision permits class action arbitration by the franchisees. In the Matter of Arbitration Between Fortuna and Snap-On Tools Co., LLC, August 12, 2005 (Slater, Arb.)

Nor has either arbitrator reached the merits of this dispute, which include alleged violations of RICO, the Fair Labor Standards Act (FLSA), the New Jersey Franchise Practices Act, and the New Jersey Consumer Fraud Act, let alone decide the question of liability.  Given the early stage of the proceedings and the breadth of issues submitted to the arbitrator that have not even been reached, this arbitral award is not ripe for review by this Court.  See Fradella v. Petricca, 183 F.3d 17, 19 (1st Cir. 1999) ("Normally, an arbitral award is deemed 'final' provided it evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration.").[4]

Snap-On argues that Rule 3 of the AAA specifically contemplates judicial review of an interim award such as the one here.  According to Snap-On, Rule 3 recognizes that the purposes and goals of the FAA–efficient and economical dispute resolution–are thwarted when an arbitrator is forced to adjudicate an entire dispute that may be rendered null and void at the conclusion of proceedings.  It is also true, however, that efficient and economical dispute resolution is thwarted

---

[4] Nor does this case fall into either of the stated exceptions to the finality rule. Unlike in Metallgesellschaff, where the district court affirmed a partial arbitral award on the defendant's counterclaim, the award in this case does not dispose of "a separate and independent claim." Rather, the arbitrators' awards resolve the first of a series of questions, all of which contribute to the resolution of Plaintiffs claims. Furthermore, the parties in this case did not agree to a formal bifurcation of the arbitration, so they do not fall into the exception carved out by Hart Surgical.

by repeated interlocutory appeals to the district court, which lead to protracted arbitration. See Lloyd v. Hovensa, LLC, 369 F.3d 263, 270 (3d Cir. 2004) ("The legislative scheme of the FAA thus reflects a policy decision that, if a district court determines that arbitration of a claim is called for, the judicial system's interference with the arbitral process should end *unless and until there is a final award.*") (emphasis added).  Snap-On previously asked this Court to exercise plenary appellate jurisdiction over certain interlocutory administrative determinations made by the AAA and the Court denied the request. See Marron, et. al. v. Snap-On Tools Co, LLC, No. 03-4563, November 30, 2004 Order.  By asking the Court to vacate the arbitrators' Clause Construction Awards Snap-On is asking this Court, once again, to intervene in the arbitration that Snap-On itself sought to compel nearly two years ago.

Assuming, without deciding, that this Court *is* authorized to entertain an interlocutory appeal of an interim award, the Court exercises its discretion not to hear Snap-On's interlocutory appeal.  This case is over two years old and is far from reaching a determination on the merits.  Indeed the arbitrator has yet to certify a class in this case.  It is not in the interest of judicial economy for this Court to entertain repeated interlocutory appeals that further delay the arbitration that Snap-On moved this Court to compel two years ago.  Snap-On won what it sought and now shall proceed with the arbitration.

For these reasons **IT IS HEREBY ORDERED** that Defendants' Motions to Vacate the arbitrators' awards are **DENIED** and this matter is referred back to the arbitrators for further proceedings, which shall re-commence without delay.

/s/  Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.